IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Ernesto Ruiz, ) | |
| ) | C/A No. 0:04-1903-CMC |
| Plaintiff, ) | |
| ) | **OPINION AND ORDER** |
| v. ) | **OF DISMISSAL** |
| ) | |
| A-1 Wrecker Service, Donald L. Seyfer, ) | |
| Mary J. Seyfer, Donald L. Seyfer, d/b/a ) | |
| A-1 Wrecker Service and Mary J. Seyfer, ) | |
| d/b/a A-1 Wrecker Service, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on Plaintiff's motion for a thirty day extension of discovery and on Defendants' motion to dismiss for failure to prosecute. For the reasons set forth below, Plaintiff's motion is moot and Defendants' motion is granted.

The motion for an extension is based on Plaintiff's counsel's inability to locate Plaintiff. These difficulties have persisted since at least January 2005 when Plaintiff's counsel first sought an extension of a discovery deadline based on his inability to locate Plaintiff. These same difficulties also resulted in Plaintiff's failure to attend his February 2005 deposition.

The court withheld ruling on the motion for an extension for thirty days, effectively giving Plaintiff the relief requested. As Plaintiff has not been located despite passage of the time requested in the motion, the motion is now moot.

Defendants' motion seeks dismissal with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure which allows a defendant to move for dismissal "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). Dismissal under this rule "operates as an adjudication upon the merits" absent order to the contrary. *Id.*

The record demonstrates that Plaintiff has failed to prosecute this action or to cooperate in discovery and has, consequently, failed to comply with court-ordered discovery deadlines. This failure appears to be solely the result of Plaintiff's failure to remain in contact with his attorney. Thus, it is attributable directly to Plaintiff, and not to any failure of his attorney.[1] It further appears that the same allegations that form the basis for this action were earlier pursued in a state court action filed in July 2003. Plaintiff voluntarily dismissed that action after an adverse venue ruling. The present action was filed on June 16, 2004, after the motion to dismiss was filed in the state court action but before it was granted.[2]

Based on the above record, the court finds dismissal under Rule 41(b) to be appropriate. The court further concludes that dismissal should be with prejudice given the earlier dismissal of the state court action and Plaintiff's complete failure to advance this action or cooperate in discovery.

For the reasons set forth above, the court finds Plaintiff's motion for an extension of time moot and grants Defendants' motion to dismiss with prejudice under Rule 41(b).

**IT IS SO ORDERED**.

S/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

May 26, 2005
Columbia, South Carolina

C:\temp\notesB0AA3C\04cv1903 vlv ruiz.wpd

---

[1] While he was not obligated to do so, it appears that Plaintiff's counsel has made diligent efforts (and incurred additional expenses) to locate his client, including by hiring a Private Investigator. *See* Plaintiff's Response to Defendant's Motion for Dismissal (attaching report of Private Investigator).

[2] Copies of the underlying state court documents were not provided. The statements as to state court proceedings are not, however, challenged.

2